# Prater *v.* The State.

## *Murder.*

(Decided June 30, 1915.　69 South. 539.)

1. *Homicide; Self-Defense.*—Unless the facts which show the killing, also show self-defense, the burden is on defendant to prove that the homicide was committed in self-defense.

2. *Same; Jury Question.*—Under the evidence in this case; it was for the jury to determine whether defendant was at fault in bringing on the difficulty with deceased.

3. *Charge of Court; Assuming Facts.*—A charge which assumes a fact about which there is conflict in the evidence, is properly refused.

4. *Same; Covered by Those Given.*—It is not error to refuse instructions substantially covered by written instructions given.

5. *Witnesses; Impeachment; Defendant.*—Where a defendant offers himself voluntarily as a witness, he is subject to the general rule that a witness may be impeached by evidence of his general bad character.

APPEAL from Gadsden City Court.

Heard before Hon. JAMES A. BILBRO.

Son Prater was convicted of murder and he appeals. Affirmed.

CULLI & MARTIN, for appellant.

W. L. MARTIN, Attorney General, and J. P. MUDD, Assistant Attorney General, for the State.

SOMERVILLE, J.—(1) The burden of proving that a homicide was committed in self-defense rests on the defendant, unless it can be deduced from the facts and circumstances which prove the killing.—*Hadley v. State,* 55 Ala. 31; *De Arman v. State,* 71 Ala. 351, 360.

(2) Charge 1 was properly refused to defendant, since it required the state to prove beyond a reasonabe doubt that defendant "without excuse and unlawfully killed" the deceased, thereby misplacing the burden of proof as to self-defense.

(3) If the facts were that deceased approached the place where defendant was at work and stated to parties there present, "There are three of you, G—— d—— him; why don't you beat hell out of him?" and defendant thereupon said to deceased, "You seem to be interested in it; you had better take it up;" and thereupon the encounter occurred—it was clearly a question for the jury whether defendant was or was not at fault in bringing on the difficulty. Charges 2 and 7 were properly refused for this reason.

(4) Charge 3 was properly refused, because it assumes that deceased made use of "an epithet," which fact was in sharp dispute, and assumes, also, that defendant replied "in language of like character"—an assumption not supported by any of the testimony.

(5) The indictment is, of course, not evidence in a criminal case, and at defendant's request the jury were instructed: "That the action of the grand jury in finding the indictment is not evidence of the guilt of the

defendant, and should not be so considered by the jury in this case."

This substantially covered refused charge 4, and there was no prejudice to defendant in this regard.

There was no evidence tending to show that deceased attempted to drive defendant from his place of business; and, so far as defendant's duty to retreat is concerned, the trial judge repeatedly instructed the jury that defendant was under no duty to retreat as a matter of law. There was no error in the refusal of charge 6, that: "Deceased did not have the right, under the law, to drive the defendant from his place of business."

(6) Defendant testified as a witness for himself, and the state was then properly allowed to show that his general character was bad. This evidence was expressly restricted by the trial judge to the question of defendant's credibility as a witness. It is thoroughly well-settled in this state that a witness' credibility may be impeached by evidence of his general bad character.— *Ward v. State,* 28 Ala. 53, 64; *Holland v. Barnes,* 53 Ala. 84, 25 Am. Rep. 595; *Motes v. Bates,* 80 Ala. 392; *Rhea v. State,* 100 Ala. 119, 14 South. 853. And it has been expressly decided that a defendant in a criminal case who testifies as a witness, is no exception to this general rule.—*Byers v. State,* 105 Ala. 31, 39, 16 South. 716.

We find no error in the record, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.