(93 South. 253).
**JACKSON v. STATE. (8 Div. 952.)**

(Court of Appeals of Alabama. June 30, 1922.)

1. Homicide ⚫291—Instructions properly refused as abstract, when there was no evidence of death from any cause except stabbing.

Where there was no evidence that deceased came to his death otherwise than from a stab wound inflicted by defendant, charges dealing with death from other causes were properly refused, as abstract.

2. Homicide ⚫300(3)—Instruction held erroneous as permitting conviction if defendant failed in his plea of self-defense.

Instruction that, if defendant entered into a fight in which deceased was killed willingly, he could not invoke self-defense, and it would be the jury's duty to convict him, was erroneous, as calling for a conviction if defendant failed in his plea of self-defense, whereas the jury must believe defendant guilty beyond a reasonable doubt from all of the evidence.

3. Criminal law ⚫476—Testimony of expert that deceased died as result of stabbing held admissible.

The testimony of a witness who qualified as an expert, and who described a cut found on deceased and treated by him, that deceased died as the result of being stabbed, was relevant, as tending to show that the cut found was the cause of death.

---

**4. Homicide ⊜⟹339—Exclusion of evidence that witness knew deceased's character not error, when it did not appear what he would have testified such character was.**

There was no error in excluding testimony that a witness knew deceased's character and reputation for having a dangerous and bloodthirsty character, where it did not appear whether he would have testified it was good or bad.

**5. Homicide ⊜⟹188(1)—Evidence that deceased was of known dangerous, bloodthirsty character held incompetent.**

Where self-defense was claimed, testimony that deceased was a known dangerous, bloodthirsty character was incompetent, but, if otherwise competent, should have been addressed to the question of his general character in the community in the respect inquired about.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

West Jackson was convicted of manslaughter in the second decree, and he appeals. Reversed and remanded.

At the request of the state the court gave the following charge:

"If you believe from the evidence in this case beyond a reasonable doubt that the defendant entered into this fight willingly, in which John Lyle lost his life, then he cannot invoke the doctrine of self-defense, and it would be your duty to convict him."

Dr. Petty, after testifying that he was a duly licensed practicing physician and that he was called to see John Lyle, was asked to describe to the jury the character of the wounds, and state whether or not in his best judgment these wounds produced his death. This latter part of the question was objected to. The witness was permitted to answer:

"He had a stab wound in the abdomen, just below and slightly to the left of the navel, and a coil of the intestines emerged from the wound. They took him home, and he died as a result of being stabbed."

Objection was interposed to the latter part of the answer, and overruled.

S. A. Lynne and Wert & Hutson, all of Decatur, for appellant.

The charges requested by the defendant should have been given. 76 Ala. 7; 21 Ala. 300.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J. The defendant was convicted of manslaughter in the second decree, and he appeals.

[1] There is no evidence in the record that the deceased came to his death from other means than that of a stab wound inflicted upon him by the defendant, and writ- ten charges 2, 3, 4, 7, 11, 12, 14, and 15, which deal with deceased's death from other causes, were properly refused, as being abstract.

[2] The court was in error in giving the written charge for the state, set out in the record. This is a good charge, so far as it deals with the question of self-defense, but is erroneous, in that it calls for a conviction of the defendant if he should fail in his plea of self-defense. Before the jury would be warranted in convicting the defendant, they must believe him guilty beyond a reasonable doubt from all of the evidence in the case. McEwen v. State, 152 Ala. 38, 44 South. 619; Gilmore's Case, 126 Ala. 21, 28 South. 595.

[3] The testimony of Dr. Petty, who qualified as an expert, to which objections were made, was relevant, as tending to show that the cut which he found on the deceased and treated was the cause of death, and the defendant's several objections were properly overruled. Simon v. State, 108 Ala. 27, 18 South. 731; Smith v. State, 165 Ala. 57, 51 South. 610; Pearce v. State, 14 Ala. App. 121, 72 South. 213.

[4, 5] There was no error in refusing to permit the defendant to prove that the witness Robertson knew "deceased's character and reputation for having a dangerous and bloodthirsty character." Granting that he knew this character, as counsel stated to the court he did, it does not appear he would have testified that it was good or bad. Neither was it competent for the defendant to show by the witness Carpenter that deceased was a known dangerous, bloodthirsty character. If otherwise competent, it was not a question of how the deceased was known, but what was his general character in the community in the respect inquired about.

For the error pointed out, the application for rehearing is granted, judgment of affirmance is set aside, the judgment of conviction is reversed, and the cause is remanded.