**BARFIELD et al. v. STATE.** (4 Div. 789.)

(Court of Appeals of Alabama.   July 26, 1923.)

**1. Criminal law ⬚696(4, 5)—Failure to interpose objection to question does not preclude motion to strike unresponsive answer; ground of motion must be stated.**

Where an answer is not responsive to the question asked, the failure of the adverse party to interpose an objection to the question does not preclude him from moving to strike the answer, · though such motion should state the grounds therefor.

**2. Criminal law ⬚363—Conversation and acts of defendants at still held part of res gestæ.**

In a prosecution of several defendants for possession of a still, it is competent for the state to show conversations at the still and to show that certain parties left the still just before the officers arrived; such statements and acts being part of the res gestæ.

**3. Criminal law ⬚528—Confession of one defendant inadmissible as against others may be admitted and limited to that defendant.**

In a prosecution of several defendants for prohibition law violations, a confession of one of them, not made in the presence of the others, after a proper predicate showing that it was voluntarily made, is admissible against him only, though the court does not err in admitting it in evidence and· limiting it to the particular defendant.

**4. Criminal law ⬚364(2)—Exclusion of testimony as to statements made by defendants on leaving their home before they were found at the still held not error.**

In a prosecution for violations of the prohibition law, held, that the court did not err in refusing to permit certain defendants to show that when they left their home on the day they were found at the still they said they were going to a particular place; such evidence being· not within the rule that what a person says on setting out ·on a journey explanatory of his object is part of the res gestæ and may be proved.

**5. Witnesses ⬚414(2)—Defendant's own declarations or acts inadmissible to fortify his testimony.**

It is not permissible for a witness to corroborate or fortify his own testimony by showing his own declarations or acts.

**6. Criminal law ⬚1170(4)—Exclusion of answer to question subsequently admitted held not prejudicial.**

The exclusion of an answer to a particular question held not prejudicial, where the witness on cross-examination stated the matter in answer to the question.

**7. Criminal law ⬚753(2)—Where evidence conflicting and sufficient to support conviction, general affirmative charge properly denied.**

Where the evidence is in conflict and amply sufficient to support a conviction, a general affirmative charge for defendants is properly denied. ·

---

⬚For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Retus Barfield, Grady Barfield, Willie Barfield, and Jim Barfield were convicted of violating the prohibition law, and they appeal. Affirmed.

Lee & Tompkins and Espy & Hill, all of Dothan, for appellant.

The declaration of two of the appellants as to where they were going was a part of the res gestæ, and should have been admitted. Campbell v. State, 133 Ala. 81, 31 South. 802, 91 Am. St. Rep. 17; Martin v. State, 77 Ala. 1. Counsel argue other questions, but without citing additional authorities.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The conversation taking place between defendants at the still was admissible as a part of the res gestæ. 4 Mich. Ala. Dig. 140.

FOSTER, J. The appellants were convicted of having in possession a still to be used for manufacturing prohibited liquors.

The evidence for the state tended to show: That A. H. May, the sheriff of Houston county, in company with U. G. Watford and H. C. Adams, saw the defendants operating a still on Mercer creek in Houston county. The sheriff and those with him reached the creek about 3 o'clock in the afternoon and went to a bluff above the creek in about 30 yards of the defendants, and concealed themselves and watched the defendants for about an hour and a half. "That Willie and Grady had a tub, toting beer out of a bunch of bushes up to the still, and pouring it in the still." Jim Barfield came out of a bunch of bushes with one of the barrels on his back. Retus and Willie went up the creek, and each came back with a big chunk of lightwood on his shoulder. They built a fire under the furnace, and shortly thereafter the officers went to the still. Jim Barfield left before the officers came up, and, when the other defendants saw the officers, Willie and Grady ran off and Retus and one Petty (jointly indicted with the defendants but not on trial) were arrested at the still. The defendants Willie Barfield, Grady Barfield, and Jim Barfield set up an alibi, and the defendant Retus Barfield claimed that he did not know anything about the still until he walked up on it, that he had nothing to do with the still, no interest in or control over it.

[1] The defendant objected to the witness May testifying, in answer to the question, "Tell the jury what you saw," that "We heard a fuss—knocking," and moved to exclude the answer from the jury. The answer was not responsive to the question, therefore the failure of defendant to interpose objection to the question did not preclude him from moving to strike the answer. Evans v. State, 109 Ala. 11, 19 South. 535. But a motion to exclude the statement of a witness should show the grounds for the motion. Bone v. State, 8 Ala. App. 59, 62 South. 455. No specific grounds were shown, hence no question is presented for review.

[2] It was competent for the state to show conversations of the defendant and another at the still when Jim Barfield left to go to the house; and also to show who left with Jim Barfield just before the officers went to the still. Such statements and acts were part of the res gestae and admissible. 4 Michie's Ala. Dig. p. 140, § 215 (1 and 2).

[3] The confession by Retus Barfield, a proper predicate having been laid to show that it was voluntary, was admissible against him. McQueen v. State, 94 Ala. 50, 10 South. 433. Not having been made in the presence of the other defendants, it was not admissible against them. McAlpine v. State, 117 Ala. 93, 23 South. 130; Gore v. State, 58 Ala. 391. The court did not err in admitting the evidence and limiting it to Retus Barfield.

[4] Counsel for appellant insist that the trial court committed reversible error in declining to allow the defendants Willie and Grady Barfield to show that, when they left their home on the day the state's evidence showed they were found at the still, they said they were going to Manuel Grigg's house in Henry county. They insist that the evidence falls within the rule that what a person says on setting out on a journey, or to go to a particular place, explanatory of the object he has in view in so setting out, is part of the res gestæ of the journey, and may be proven. Harris v. State, 96 Ala. 24, 11 South. 255; Campbell v. State, 133 Ala. 81, 31 South. 802, 91 Am. St. Rep. 17; Maddox v. State, 159 Ala. 53, 48 South. 689. The reason for the rule is to permit the defendant to show the object or purpose he had in going to the place where the crime was committed, as bearing upon his motive, intent, or acts. That the evidence does not fall within the rule stated has been recently decided by our Supreme Court in the case of Hill v. State, 210 Ala. 221, 97 South. 639. It was there declared:

"It was not competent for the witness Wingo, who testified that he met Ed Hill, one of the alleged conspirators on the morning of the murder, between daylight and sun up, to further testify that Ed Hill then said that he was going to Creeltown and to the mill. * * * It clearly does come within the rule that the concurrent declarations of one setting out on a journey, explanatory of the object he has in view, may be shown as part of the res gestæ."

[5] The object or purpose of Willie and Grady Barfield in going to Manuel Grigg's house was not material to any inquiry in the case, and the only effect of the evidence offered was to fortify the witness' testimony. It is not permissible for a witness to corroborate or fortify his testimony by showing

his declarations or acts. Pope v. State, 168 Ala. 33, 53 South. 292; 12 Michie's Ala. Dig. p. 1321, par. 321. There was no error in refusing to allow the evidence offered. These defendants had the full benefit of the evidence that they went to Manuel Grigg's house on that day, stayed there that night, and came home next morning; several witnesses so testifying.

[6] The court sustained the state's objection to the question propounded to defendant's witness Webb, "They didn't arrest him (Jim Barfield) that day?" And defendants excepted to the action of the court. The witness stated, on cross-examination that "they did not arrest Jim Barfield that day." The defendants had full benefit of the evidence, and cannot complain of the action of the court in sustaining the objection in the first instance.

[7] There was no error in the refusal of the general affirmative charge for each of the defendants. There was a conflict in the evidence, and it was ample to justify a conviction.

There is no error in the record. The judgment of the circuit court is affirmed.

Affirmed.