(166 So. 341)

## COLLINS v. STATE.    (4 Div. 14.)

(Court of Appeals of Alabama.    Aug. 11, 1925. Rehearing Denied Oct. 27, 1925.)

**1. Homicide ⬅⬆295(2)—In prosecution for assault with intent to murder, instructions as to sudden passion held properly denied.**

In prosecution for assault with intent to murder, where only evidence of provocation was that party assaulted had called defendant's wife a liar just prior to the assault, requested instructions that, if there was sufficient provocation to excite sudden passion and defendant acted under such passion, presumption was that passion disturbed the sway of reason and made him regardless of his act to such an extent that he could not be convicted of more than assault and battery, *held* properly denied as abstract under the evidence.

**2. Homicide ⬅⬆45, 84—Mere words, however insulting, will not repel presumption of malice or reduce degree of offense.**

Mere words, however insulting and though applied directly to defendant, are insufficient to repel presumption of malice and reduce unlawful homicide from murder to manslaughter or deprive an assault of its felonious character.

**3. Criminal law ⬅⬆1186(4)—Improper refusal of instruction that indictment was no evidence of defendant's guilt held not reversible error.**

Improper refusal of instruction that indictment was no evidence of defendant's guilt *held* not reversible error under Code 1923, § 3258, rule 45, 175 Ala. xxi; there being abundant other evidence to sustain conviction.

**4. Witnesses ⬅⬆270(2)—Cross-examination of witness concerning patently irrelevant matter held properly excluded.**

In prosecution for assault and battery with intent to murder, cross-examination of witness as to whether or not he had, several days before difficulty, at another time and place, and out of defendant's presence, said that a third party had misappropriated money belonging to church, *held* properly excluded as patently irrelevant and immaterial.

**5. Witnesses ⬅⬆374(1)—Question whether witness regarded defendant as did his (witness') brother held properly excluded.**

Where witness testified that his feelings toward defendant were good, further question, "You don't regard him then like your brother?" *held* properly excluded.

**6. Criminal law ⬅⬆1120(6) — Exclusion of question as to statements by defendant, not shown to have been part of conversation wherein confession was made, held not error.**

In prosecution for assault with intent to murder, where witness had testified to confes-

sion made by defendant "along late in the evening," further question, "Along late in the evening did he say anything about how come him to cut him?" *held* not erroneously excluded, in absence of showing in bill of exceptions that latter question related to conversation in which confession was made, in which case defendant would be entitled to call for whole conversation.

**7. Criminal law ⬅⬆1141(2)—Error not presumed.**

An appellate court cannot presume error.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Sam Collins was convicted of assault with intent to murder, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Collins, 214 Ala. 61, 106 So. 344.

Charge 4, refused to defendant, is as follows:

"The court charges the jury that the indictment in this case is no evidence that the defendant is guilty of the offense charged against him in this case."

Reid & Doster, of Dothan, for appellant.

Charges 1 and 3 are correct, and should have been given. Smith v. State, 86 Ala. 28, 5 So. 478; Robinson v. State, 54 Ala. 86. Charge 4 states the law, and its refusal was error.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The refusal of charges 1 and 3 was without error. Jones v. State, 96 Ala. 102, 11 So. 399; Sloane v. State, 95 Ala. 22, 11 So. 14; Reese v. State, 90 Ala. 624, 8 So. 818; Collins v. State, 17 Ala. App. 186, 84 So. 417. Charge 4 was covered by the oral charge of the court.

BRICKEN, P. J. The defendant was indicted, tried, and convicted of assault with intent to murder. He was sentenced to the penitentiary for a term of years, from which judgment this appeal is taken.

[1, 2] Appellant's chief insistence on appeal is that the trial court erred in refusing requested charges 1 and 3. Both charges are to the effect that if there was sufficient provocation to excite sudden passion, and defendant acted under such passion, then the presumption is that passion disturbed the sway of reason and made him regardless of his act to such an extent that he could not be convicted of assault to murder, but, at the most, assault and battery. Those two charges were abstract under the evidence in this case, and their refusal was without error. There was no evidence of any word or act on the part of the injured party calculated to arouse sudden passion in the defendant, other than certain testimony that the party assaulted called defendant's wife a

liar just prior to the assault. The evidence for the state showed a most serious and aggravated assault upon one Andrew Gamble, made after he had fallen to the ground while running for his life and being pursued by the defendant with an open knife in his hand, with which deadly weapon defendant grievously cut Gamble while he was lying on the ground. The court properly charged the jury that opprobrious and insulting words, no matter how offensive, and applied directly to the assailant, can never reduce an unlawful homicide from murder to manslaughter. In other words, mere words are not of themselves sufficient to repel the presumption of malice. On the same principle, when a felonious assault is charged, as here, mere words are not sufficient to repel the presumption of malice arising from the use of a deadly weapon. Opprobrious words alone are not in law a sufficient provocation to excite such a sudden passion that will deprive an assault of its felonious character.

"What would be adequate provocation to deprive an assault with intent to murder of its felonious character is settled, by analogy, in the decisions of this court based on indictments for murder. In such cases it has been held that heat of passion, per se, never reduces murder to manslaughter, and that mere words, however opprobrious, will not have that effect; that the provocation must at least amount to personal violence, or be accompanied by acts evincing an intention to resort to immediate force, and the fatal blow must be the unpremeditated result of the passion thus aroused." Jones v. State, 96 Ala. 102, 11 So. 399, and cases there cited.

This court held in Chestnut v. State, 7 Ala. App. 72, 61 So. 609, that "sudden passion from an immediate insult" is not enough to repel the imputation of malice under a charge for assault with intent to murder, citing Lane v. State, 85 Ala. 11, 4 So. 730. Appellant relies upon the case of Smith v. State, 86 Ala. 28, 5 So. 478, from which case these charges were substantially copied. Had there been in this case, as there was in the Smith Case, evidence to show that the defendant acted only in prevention or defense of a very dangerous assault about to be committed on him by the person assaulted, or if the evidence had shown that the opprobrious words were accompanied by acts evincing an intention on the part of Gamble to resort to immediate violence, then another question might be presented.

[3] We can see no reason why the court refused charge 4 requested in writing by defendant. Prater v. State, 193 Ala. 40, 69 So. 539. However, we do not regard its refusal in this case as being hurtful to the substantial rights of defendant. In the first place, there was no contention or insistence that the indictment should be regarded as evidence against defendant, nor was there any suggestion or intimation in argument or otherwise that it should so be regarded or considered. For this reason the charge related to a matter which might be termed wholly abstract. Furthermore, there were a large number of eyewitnesses to the assault complained of, who testified upon the trial of this cause; and while the evidence was in dispute as to some of the minor details, there was but little, if any, conflict in the evidence which disclosed that the injured party, Gamble, ran from defendant and that he was pursued by him, that Gamble fell, and while down upon the ground and defenseless this defendant cut him grievously with a knife, inflicting, as the attending physician stated, several painful and dangerous wounds in his back, and on his head and neck. The evidence was ample to justify the verdict without resort by the jury to the indictment as evidence. While, as stated, the court should have given the charge, the refusal to do so does not constitute reversible error, and we will not predicate a reversal of this judgment thereon. Code 1923, § 3258; rule 45, 175 Ala. xxi.

[4] On cross-examination of the witness Andrew Gamble, the defendant asked him if he did not say, four or five days before the difficulty, at another time and place, and out of the presence of the defendant, that a third party had misappropriated money belonging to the church. This called for patently irrelevant and immaterial testimony, and the court properly sustained objection thereto.

There was no error in overruling the objection to question propounded to witness Edward Duke calling for the alleged confession by defendant. A proper predicate was laid for the admission of the statement. The same is true as to the objection to the same questions propounded to the witness Coy Duke.

[5] The witness Edward Duke had testified that he did not feel kindly towards defendant. When asked by the defendant as to his feelings towards him, the witness Coy Duke replied that they were good. The defendant then asked him, "You don't regard him then like your brother?" The court properly sustained objection to this question. There was no evidence that the witness knew how his brother regarded the defendant. The defendant was entitled to have the witness state his own feelings towards the defendant, but not his brother's; nor a comparison of his own feelings with those of his brother's.

[6] This witness testified that the defendant made this confession "along late in the evening." Following this statement the defendant asked him the following question: "Along late in the evening, did he say anything about how come him to cut him?" There is nothing to show that the witness had more than one conversation with the defendant "along late in the evening." It

is possible that the question related to the conversation in which the alleged confession was made; and it is also possible that a second conversation was had between the parties "along late in the evening," in which second conversation defendant had something to say about why he cut Mr. Gamble. If the question referred to another and different conversation than that in which the confession was made, then the defendant had no right to insist upon the question; on the other hand, if the statement called for was a part of the same conversation related by the witness Coy Duke, then it is elementary that the defendant had a right to call for the entire conversation relating to the killing. As stated on this exact point by Judge Brickell in Burns v. State, 49 Ala. 370:

"This rule has been announced by this court so often, and it is so clearly expressed in the text-books, that we are not ready to presume any court has infringed it."

The case just quoted from is strikingly like the instant case. We quote further from the opinion:

"The bill of exceptions does not inform us whether these declarations formed part of the conversation of which the state gave evidence, or whether they were made in another and subsequent conversation. Of course, we cannot say that the court erred in rejecting them."

[7] It is the duty of one taking a bill of exceptions to make the bill affirmatively show error, if any there was; the appellate court cannot presume error.

We find no error in any ruling of the court or upon the record. The judgment of conviction appealed from is affirmed.

Affirmed.