**THOMAS et al. v. STATE.** (3 Div. 785.)

(Supreme Court of Alabama. Jan. 20, 1927.)

**1. Criminal law ⬅1166½(5)—Objection to venire because only initials of veniremen preceded surnames held properly overruled, where complaining party was not prejudiced (Code 1923, § 8606).**

Objection to venire because only initials of some of veniremen preceded surnames, contrary to Code 1923, § 8606, *held* properly overruled, where complaining party did not show that he had been misled and substantially prejudiced.

**2. Criminal law ⬅695(3)—Admission of separate confessions of two defendants against both held technically correct on joint objection.**

Admission of separate confessions against both defendants was technically correct where objection was joint, since such objection was bad as to defendant whose confession was being offered, and, being bad as to one, was properly overruled as to both.

**3. Criminal law ⬅1169(5)—Admission of separate confessions against both defendants, if error, held cured by instruction limiting consideration to declarant.**

Admission of separate confessions against both defendants, if error, *held* cured by instruction limiting each as evidence to be considered only against declarant.

**4. Homicide ⬅166(10)—Evidence of defendant's concealment of money in hat held admissible, in prosecution for second degree murder, where robbery was motive.**

In prosecution for second degree murder, where motive was robbery of victim, evidence of defendant's deliberate concealment of money in lining of hat *held* admissible as showing consciousness of guilt.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Criminal law ☜829(1)—Refusal of charge correctly stating law, but covered by charge given, was not prejudicial.**

Refusal of charge correctly stating law was not prejudicial, where it was fully covered by charge given.

**6. Criminal law ☜789(4)—Instruction, that want of more evidence of innocence than of guilt does not preclude reasonable doubt, held properly refused as argumentative.**

Instruction, that want of more evidence in favor of innocence than in favor of guilt does not necessarily determine that jury may not have reasonable doubt, *held* properly refused, being argumentative, notwithstanding that it was exact copy of language found in court's opinion in another case.

**7. Criminal law ☜772(6)—Where there was testimony showing killing by defendants' confederate, instruction to acquit, if circumstances could be reconciled with theory that another committed crime, held misleading.**

In prosecution for second degree murder in which there was testimony that deceased was killed by blow of defendants' confederate, instruction to acquit, if circumstances could be reasonably reconciled with theory that another than defendants committed crime, *held* misleading, since defendants would be guilty if confederate killed deceased.

**8. Criminal law ☜789(18)—Instruction, that proof of one fact inconsistent with guilt is sufficient to raise reasonable doubt and authorizes acquittal, held properly refused.**

Instruction, that, if there is one single fact proved to jury's satisfaction which is inconsistent with guilt, that is sufficient to raise reasonable doubt and jury should acquit, *held* properly refused.

**9. Criminal law ☜789(16)—Instruction that evidence to convict should convince jury that accused could not be guiltless held properly refused.**

Instruction, that one charged with offense is presumed innocent until guilt is established, and that evidence should be so convincing as to lead minds of jury to conclusion that accused could not be guiltless, *held* properly refused, being misleading and unsound.

Appeal from Circuit Court, Conecuh County; John D. Leigh, Judge.

E. J. Thomas and another were convicted of murder in the second degree, and they appeal. Affirmed.

These charges were refused to the defendant:

"(13) The want of more evidence in favor of innocence than was in favor of guilt does not necessarily determine that the jury may not have a reasonable doubt of guilt.

"(14) You should not convict in this case if, from all the evidence, the circumstances can be reasonably reconciled with the theory that the crime was committed by another than these defendants."

"(17) If there is one single fact proved to the satisfaction of the jury which is inconsistent with defendant's guilt, this is sufficient to raise a reasonable doubt, and the jury should acquit the defendants.

"(18) Every one charged with an offense against the law is presumed innocent until his guilt is established, and the evidence to induce conviction should not be a mere preponderance of probabilities, but should be so convincing as to lead the minds of the jury to the conclusion that the accused cannot be guiltless."

Ballard & Page, of Prattville, for appellants.

Charge 13 is correct and should have been given. Bell v. State, 115 Ala. 25, 22 So. 526; Croft v. State, 95 Ala. 3, 10 So. 517. So of charge 14. Bryant v. State, 116 Ala. 445, 23 So. 40. And 18. Coleman v. State, 59 Ala. 52; Mose v. State, 36 Ala. 211; Graham v. State, 105 Ala. 132, 16 So. 934; Webb v. State, 106 Ala. 56, 18 So. 491. Counsel discuss other questions raised, but without citing additional authorities.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SOMERVILLE, J. [1] Section 8606 of the Code provides that "The [jury] commission must not allow initials only to be used for a juror's name, but one full Christian name or given name, shall in every case be used," in making up the jury rolls and filling the jury box.

The copy of the venire served on the defendants contained 85 names, twenty of which showed no given name, but only the initials of the veniremen preceding their surnames. Defendants moved to quash the venire on that ground, and also objected to proceeding to trial on that venire.

Prior to the statute referred to (Acts 1909, p. 305, § 14), this court had said of this objection:

"The practice of writing only the initials of the Christian names of jurors on slips and lists prepared by jury commissioners, and on venires and copies thereof served on defendants, etc., etc., has too long obtained and been treated by all courts as regular and sufficient to be now drawn in question; and defendant's motions in this case to quash the venire, etc., etc., because the given names of certain jurors were indicated only by initial letters on the venire and on the list served on him were well overruled. Brown v. State, 128 Ala. 12 [29 So. 200]." Hall v. State, 130 Ala. 45, 54, 30 So. 422, 425.

It is insisted for defendants that the statute has changed the rule of those decisions, and that the trial court erred in putting them to trial on such a venire. The Legislature undoubtedly intended the statute as a mandate to jury commissioners, and it ought to be scrupulously followed by them. The pur-

pose in view was to more certainly identify the veniremen in cases where two or more citizens of the same surname had also the same initials, so that parties interested may know in advance the entire personnel of the venire.

We think, however, that this purpose will be fairly subserved, and the rights of parties sufficiently protected, by requiring a complaining party to show, in support of his objection to the venire, that he has been misled and substantially prejudiced by the presence thereon of a name or names carrying initials only. There is no suggestion of such prejudice in this case, and we therefore hold that defendants' objection to the venire was properly overruled.

[2, 3] The trial court committed no error in its rulings on the evidence. It is true that the confessions of the two defendants, separately made, were at first admitted as evidence against *both*. This was technically correct, because the only objection was a *joint* objection by both defendants, which was clearly bad as to the defendant whose confession was being offered; and, being bad as to one, it was properly overruled as to both. But the court afterwards restricted each confession to matter relating to the declaration and limited it as evidence to be considered only against the declarant, so that, even had the court been in error originally, the error was clearly and emphatically corrected. Such an instruction was all that either defendant could properly ask. Williams v. State, 81 Ala. 1, 1 So. 179, 60 Am. Rep. 133; Lawson v. State, 20 Ala. 65, 56 Am. Dec. 182.

[4] The state was properly allowed to show that, on the day after the murder and robbery of the deceased, the defendant Joe Thomas, when arrested, had on his person four silver dollars, which he asserted was all the money he had—other testimony showing that he had at the time ten one-dollar bills concealed in the lining of his hat. The motive for the murder was evidently the robbery of the victim. and the deliberate concealment of money in his possession was some evidence, however slight, of this defendant's consciousness of guilt.

[5] Refused charge 9 was probably a correct statement of law (Thomas v. State, 106 Ala. 19, 22, 17 So. 460), but it was more than fully covered by given charge 11, and its refusal was not prejudicial. Refused charge 10 was also sufficiently covered by given charge 11.

[6] Refused charge 13 is an exact copy of language found in the opinion of the court in the case of Bell v. State, 115 Ala. 25, 39, 22 So. 526, and stated to be the legal effect of two charges, which it was said were correct statements of law, and should have been given. But the language of an opinion is often improper to be given as a charge to the jury; and this is no exception. In this form, indeed, the statement is plainly argumentative, and was for that reason properly refused.

[7] Refused charge 14 is misleading in view of the testimony tending to show that the deceased was killed by a blow from one Israel Scott, acting in confederation with these defendants. In such a case these defendants would be as guilty as if they had actually done the killing with their own hands, and the charge was bad in excluding that phase of guilt.

[8] Refused charge 17 has been expressly and repeatedly condemned as bad, and it was properly refused. Ex parte Davis, 184 Ala. 26, 63 So. 1010.

[9] Refused charge 18 was condemned as misleading and unsound in Webb v. State, 106 Ala. 52, 57, 58, 18 So. 491.

We find no prejudicial error in the record, and the judgment of conviction will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.