216

44 So.2d 788

**EMMONS v. STATE.**

**3 Div. 547.**

Supreme Court of Alabama.

Jan. 19, 1950.

H. C. Rankin, of Brewton, for petitioner.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., opposed.

LAWSON, Justice.

Petitioner was indicted for a capital offense. He was entitled to select a jury from a list containing the names of at least thirty competent jurors. § 65, Title 30, Code 1940.

In the Court of Appeals he sought reversal of the judgment of conviction on the ground that he had been compelled to select a jury from a list containing the names of only twenty-nine persons. The Court of Appeals held that the question was not presented properly for review. In this connection the Court of Appeals said: "Counsel should have objected to going to trial or to striking from the incomplete list. In addition, formal proof should have been made (and this should appear in the record) that there were in fact only twenty-nine names included on the list from which the accused was called upon to strike."

We are of the opinion that counsel for petitioner, defendant in the trial court, sufficiently raised the question. He stated to the trial court that there were only twenty-nine names on the list and further stated that he did not want to waive his client's right to a full venire. This, we think, was tantamount to objecting to striking from the alleged incomplete list.

We think it appears from the colloquy between counsel for defendant and the trial court, which is set out in the opinion of the Court of Appeals, that there were in fact only twenty-nine names on the list from which the jury was selected. We think this is evidenced by the statement of the trial judge that he didn't think there was any law to authorize the defendant to strike from a list containing more than twenty-nine names.

Judgment of the Court of Appeals is reversed and the cause is remanded to that court.

Reversed and remanded.

BROWN, FOSTER, LIVINGSTON, SIMPSON, and STAKELY, JJ., concur.