125 So.2d 522

Tommy H. COBB

v.

STATE.

7 Div. 610.

Court of Appeals of Alabama.

Sept. 6, 1960.

Rehearing Denied Oct. 4, 1960.

Norred, Wilson & Propst, Anniston, for appellant.

MacDonald Gallion, Atty. Gen., and Jerry L. Coe, Asst. Atty. Gen., for the State.

CATES, Judge.

Cobb was indicted for assault with intent to murder and was convicted of the lesser included misdemeanor of assault and battery. The jury put a fine of $25 on him, to which the trial judge added six months at hard labor for the county.

We have paraphrased the tendencies of the evidence from Cobb's brief:

*For the State:* The complaining witness, Charlie J. Edmondson, met with some acquaintances at a store. Cobb was present, reached out and got Edmondson's pocket knife. No trouble ensued immediately, but later in the evening an altercation arose over the knife, in the course of which Cobb hit Edmondson two or three times, whereupon, Edmondson retaliated by striking the defendant with a bottle. A conversation then ensued, and while Edmondson was reaching out to shake hands with Cobb, Cobb cut Edmondson across the arms and stomach.

*For the defense:* Edmondson complained to Cobb that he had lost five or ten dollars and that there was something crooked about it; and, after stating that he was going to get it back one way or another, drew his knife. They then scuffled and Cobb hit Edmondson, whereupon Edmondson picked up a coke bottle and threw it at Cobb, striking him in the head. Edmondson then ran. Cobb denied cutting Edmondson, and denied having any knowledge that Edmondson had been cut until the next day.

The trial judge refused Cobb the following written charge:

"I charge you, Gentlemen of the Jury, that the indictment in this case is not evidence against this defendant."

■ This refusal was not error because (a) the trial judge[1] in his oral charge said, "Gentlemen, the fact that an indictment has been returned against a defendant creates no presumption against that defendant. That is simply the way in which a felony case is commenced. In other words, a grand jury indicts a person and then they are tried." Prater v. State, 193 Ala. 40, 69 So. 539; and (b) our courts have failed to find reversible error in the refusal of similar charges in Collins v. State, 21 Ala.App. 152, 106 So. 341; Gulley v. State, 21 Ala.App. 493, 109 So. 527; Jones v. State, 260 Ala. 341, 70 So.2d 629. See also Gordon v. State, 268 Ala. 517, 110 So.2d 334, and Wigmore, Evidence (3d Ed.), § 2511.

Also, the charge, as worded, probably was abstract in that it gave the jury no "direction of law," i. e., omitted "instructions as to the effect such doctrine [or principle] has upon the issues." Jones, Alabama Jury Instructions, § 52, citing Williams v. State, 36 Ala.App. 26, 58 So.2d 646.

The second and third contentions on appeal stem from a ruling and a statement of the judge thereabouts. The occasion was during the examination in chief of Mr. Curtis Marshall, Chief Deputy Sheriff, who was called by the defense:

"Q. Did Mr. Edmondson state to you that he was cut with his own knife?

"Mr. Williams. We object to that. That is repetition.

"The Court. I sustain the objection.

"Mr. Propst. We except, Your Honor.

1. In Alabama, reading the indictment merely has never been construed as giving evidence on the trial. See 23 C.J.S. Criminal Law § 846, note 90; Randall, Instr. to Juries, § 1960; Jackson, J., diss. Cassell v. State of Texas, 339 U.S. 282, 302, 70 S.Ct. 629, 94 L.Ed. 839. In Missouri, court's instruction corrects misconception. State v. Trice, 338 Mo. 744, 92 S.W.2d 135. Cf. People v.

"Your Honor, we are offering this evidence—I don't know whether the court understands the theory on which we are offering it. We are not offering it to impeach the defendant's [sic: should it have been "complainant's"?] testimony. He already testified that he didn't ask for a warrant that evening. We are offering it on the basis of admission that he was cut with his own knife.

"Mr. Williams. Now, may it please the court, I want to object to Mr. Propst making that statement.

"Mr. Propst. I am telling the court.

"The Court. Well, I will let him make the statement, but I don't think that that sheds any light on the issues in this case. According to his contention, the other man had his knife. The fact whose knife the fellow cut him would not make any difference. I sustain the objection on that theory.

"Mr. Propst. He had no reason to—

"The Court. I just don't think the testimony as the question is asked is a legal question. I sustain the objection.

\* \* \* \* \* \*

"Mr. Norred. If the court please, with all due respect, we would like to respectfully reserve exception to Your Honor's comment made a moment ago in commenting on our offer to present evidence, on offer to prove, which statement was made in the presence of the jury, in which Your Honor stated, 'I don't think that makes any difference

Nicoll, 3 A.D.2d 64, 79, 158 N.Y.S.2d 279, 294 (trial court—grand jurors were of "approved integrity," etc.—rev'd.). See Ramkat, J. (per Cave Burton, Esq.): " \* \* \* the finding of a bill of indictment was half a conviction \* \* \*." —Baldwin, The Flush Times of Alabama and Mississippi, p. 165, Am.Cent. Series (1957 Ed.), p. 122.

that he was cut with his own knife.' We respectfully reserve an exception.

"The Court. Of course, I will give you an exception to that remark, but I will state this to the jury, gentlemen, that the remark I made, something to the effect, 'If this defendant did the cutting, it would not make any difference whether it was his knife or somebody else's.' I was simply making that in answer to the argument that Mr. Propst was making, that he thought that testimony was relevant, if this gentlemen at the hospital said he was cut with his own knife. I have ruled that that testimony was not relevant; and the statement that I make, of course, you are not to consider as any evidence. I was simply answering his argument that if the defendant did it it wouldn't make any difference whose knife it was."

■ If there were error in the court's statement, it would have to derive from Code 1940, T. 7, § 270, which reads:

"The court may state to the jury the law of the case, and may also state the evidence when the same is disputed, but shall not charge upon the effect of the testimony, unless required to do so by one of the parties."

We find no fault in the remark, "If this defendant did the cutting, it would not make any difference whether it was his knife or somebody else's." Certainly it was but an allusion to a tendency of the evidence which did not adopt as valid the view of either side. Thomas v. State, 34 Ala.App. 470, 41 So.2d 435; Lovejoy v. State, 33 Ala.App. 414, 34 So.2d 692.

As to the ruling that Edmondson's being cut with his own knife was immaterial, we consider there was no error. The question was offered "on the basis of admission that he was cut with his own knife."

If this meant that Edmondson cut himself or that he was holding the knife while scuffling with Cobb and that the gyrations of the combatants caused the knife held in Edmondson's hand to press upon him and cut him, possibly we should be presented with a different question. However, it is obvious that the trial judge treated the question as hinging on the ownership of the knife.

Cobb contends, under the tendency of his evidence, "whose knife did the cutting is highly significant." Here there was no dispute as to both parties being at Johnson's store for one period of time. Cobb said he left before Edmonson was cut. Showing whose knife was used does not necessarily show who used the knife. We see no error in the court's ruling.

Finally, it is claimed the trial judge too narrowly confined defense counsel in argument. The solicitor objected to a statement that the "normal channel" of prosecution is for the aggrieved person to make out a complaint for a warrant. The court sustained the objection and pointed out that the case was "being prosecuted not on a warrant but on an indictment."

■■ The law no longer admits of the ancient "appeals of felony," for our Constitution, § 170, provides that all process shall be in the name of the State of Alabama. The injury to the citizen becomes a wrong to the body politic. i Bl. Com. 268. The King evicted, the State moves in.

We have carefully examined the record under Code 1940, T. 15, § 389, and consider the judgment below is due to be

Affirmed.

## On Rehearing

Cobb specifies four points in our opinion to which he excepts:

*First*, as to the refusal of his charge. that the indictment is not evidence;

*Second*, the second sentence in the fourth-from-the-end paragraph, "Cobb

said he left before Edmondson was cut," is not found in the evidence;

*Third,* our treatment of the trial judge's comment about the immateriality of to whom the knife belonged was wrong; and

*Fourth,* the handling of the objection concerning the "normal channel" of prosecution was error.

What we have said as to points one, three and four need not be further extended. As to the second point, we consider the fair purport of Cobb's testimony was as we have stated. However, so that he may not be hindered should he pursue certiorari, we gladly admit that there is no express statement by him such as the one we attributed to him.

Hence, the offending sentence will be deemed to be expunged.

Application overruled.