Timothy Ray Murray was indicted for murder, convicted of manslaughter, and sentenced as a habitual offender to life in prison. Three issues are presented on appeal.
 I
Murray argues that the court erred by denying his pre-trial discovery motion. Specifically, he complains of the court's refusal to require the State to disclose (1) statements given to the police by prosecution witnesses and (2) the criminal record of another prosecution witness, Michael White.
Although Rule 18 (e), A.R.Crim.P.Temp., provides that "statements made by state witnesses or prospective state witnesses" are not ordinarily discoverable, Murray contends that Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194,10 L.Ed.2d 215 (1963), required production of the statements because they contained exculpatory information. He also maintains that he was entitled to inspect the statements for the purpose of impeaching the State's witnesses on cross-examination.
The trial court did not err in denying production of the statements. The record reflects that, prior to trial, the assistant district attorney told defense counsel there were exculpatory matters in certain statements made to the police by prosecution witnesses and also informed counsel that the same exculpatory information was contained in statements given by the witnesses to defense investigators. Furthermore, the trial court stated that it had possession of all the statements, had reviewed them, and would apprise defense counsel of any inconsistencies between the statements and the subsequent testimony of the witnesses at trial. From the record:
"MR. HUBBARD [Assistant District Attorney]:
 "Judge, Let me clarify my position that Mr. Stewart [defense counsel for Murray's co-defendant] talked about a moment ago in regard to what is exculpatory in the prosecution's file. When I said there were matters in the prosecution's files or in these statements in particular that I felt were exculpatory, I don't wish to withdraw that at this time. What I'm saying is that all of the statements that were given to the State and which I read and which I felt were exculpatory matters, I also had a corresponding statement from the witness himself or herself that was taken by Mr. Stewart or personnel in his office, and that the exculpatory matter that I stated was in the statement that was taken by the police, either by Mr. Bob Stewart or by any other police personnel. That exculpatory matter was also in the statements that Mr. Stewart took, so that I have nothing to my knowledge that I have withheld or suppressed as exculpatory evidence that is not in the possession of Mr. Stewart at this time.
 "Further, I want to tell the Court, and the Court knows, I have given the Court all the statements of the witnesses that we intend to call, as far as lay witnesses are concerned, and I believe that to be the case. That is all the statements that I have that the police have turned over to me, as far as taking statements from witnesses that were at the scene that night, and I have given all of those to the Court. I'm telling the Court that I have no objection to, and I hope the Court has reviewed and I understand the Court has reviewed, those for whatever discovery purposes it might want to review those for. But I'm just telling the Court now that as a personal and professional matter, I have nothing exculpatory in my possession that Mr. Stewart or Mr. Love *Page 893 [defense counsel for Murray] doesn't know about.
". . .
 "THE COURT: The Court has considered your argument and motions. As Mr. Hubbard says, the Court does have those statements and has reviewed them. The Court is not going to order them to be produced at this time. The Court will further state that if those witnesses do testify and testify substantially different from the statements, then the statements will be produced or be given to the defendants at that time." [Emphasis added.]
From the record, it is apparent that any exculpatory information in the State's file fell outside the rule of Brady.
There simply was no "suppression by the prosecution of evidence favorable to an accused." Brady v. Maryland, 373 U.S. at 87,83 S.Ct. at 1196 (emphasis added). Not only did the prosecution disclose the favorable evidence to defense counsel and inform him that it was the same evidence contained in statements taken by the defense, but he also turned over all of the statements to the trial court. Thus, the circumstances of this case do not satisfy even the first of three requirements for establishing aBrady violation, namely: "(1) The prosecution's suppression of evidence; (2) The favorable character of the suppressed evidence for the defense; [and] (3) The materiality of the suppressed evidence." Knight v. State, 478 So.2d 332, 335
(Ala.Cr.App. 1985) (quoting Monroe v. Blackburn, 607 F.2d 148,150 (5th Cir. 1979)).
Under Ex parte Pate, 415 So.2d 1140 (Ala. 1981), defense counsel was entitled, upon laying a proper predicate, to have the court conduct an in camera inspection of the statement of any testifying witness in order to determine "(1) whether the statement made by the witness before trial differed in any respects from statements made to the jury during trial, and (2) whether the statement requested was of such a nature that without it the defendant's trial would be fundamentally unfair." Ex parte Pate, 415 So.2d at 1144. Here, the court had possession of all the statements, reviewed them, and stated to defense counsel that he would compare them to the witnesses' trial testimony and order production if there were any inconsistencies. Murray received everything to which he was entitled under Pate.
We have no occasion to decide, in light of Rule 18, A.R.Crim.P.Temp., the propriety of the trial court's failure to require the State to disclose to the defense the criminal record of the witness Michael White. Since the transcript reveals that defense counsel cross-examined White concerning prior convictions, the error, if any, was harmless. A.R.A.P. 45.
 II
On appeal, Murray insists that the consolidation of the trial of his case with that of the co-defendant William Sidney Slaughter, Jr., was improper because (1) the defendants were indicted separately and could not have been joined in a single indictment; (2) Murray was prejudiced in the eyes of the jury; and (3) the court's consolidation order was untimely.
At trial, however, Murray's attorney moved for a severance on the ground that consolidation of his trial with that of the co-defendant made the State unwilling to negotiate a plea bargain agreement with Murray. A specific ground of objection waives all other grounds. Cooper v. State, 474 So.2d 182, 183
(Ala.Cr.App. 1985). "It is well settled that all grounds of objection not specified are waived, and that the trial court will not be placed in error on grounds not raised at trial."Blackmon v. State, 449 So.2d 1264, 1266 (Ala.Cr.App. 1984).
Prior to trial, Murray's attorney stated his client's willingness to plead guilty to a lesser included offense. The assistant district attorney refused the offer to plea bargain. Murray claims that the prosecutor's refusal to plea bargain with him amounted to a denial of equal protection since the State's unwillingness to bargain with him was based on its inability to plea bargain with the co-defendant, i.e., *Page 894 
unless both defendants pled guilty, the State would still have to prosecute the murder case. "There is no constitutional right to plea bargain; the prosecutor need not do so if he prefers to go to trial. It is a novel argument that constitutional rights are infringed by trying the defendant rather than accepting his plea of guilty." Weatherford v. Bursey, 429 U.S. 545, 561,97 S.Ct. 837, 846, 51 L.Ed.2d 30 (1977). A prosecutor has no duty to plea bargain, United States v. Pleasant, 730 F.2d 657 (11th Cir.), cert. denied, 105 S.Ct. 216 (1984), and a defendant cannot compel the State to accept a guilty plea to a lesser included offense. Cole v. State, 337 So.2d 40, 47
(Ala.Cr.App.), cert. denied, 337 So.2d 47 (Ala. 1976).
A similar claim was rejected in United States v. Bell,506 F.2d 207, 221-22 (D.C. Cir. 1974), where it was observed:
 "That different persons receive different treatment at the hand of Government does not, without more, demonstrate constitutional inequality. By the same token, the mere fact that two or more individuals are charged with the same or similar offenses does not necessarily require that a plea-offer made to one be extended to all. What must be shown is `a difference either based on a constitutionally suspect standard or lacking in rational classification.' For `[e]qual protection does not require identity of treatment. It only requires that classification rest on real and not feigned differences, that the distinction have some relevance to the purpose for which the classification is made, and that the different treatments be not so disparate, relative to the difference in classification, as to be wholly arbitrary.'" [Footnotes omitted.]
Even if Murray had objected at trial on the grounds he now asserts, his motion for severance would have been correctly denied. First, Murray and Slaughter, though indicted separately, "could have been joined in a single indictment," see Rule 15.4 (b), A.R.Crim.P.Temp. Murray was indicted for actually causing the death of the victim and Slaughter was indicted for "aiding and abetting" in the murder. "All persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, must be indicted, tried and punished as principals." Mitchell v. State, 51 Ala. App. 411,286 So.2d 85 (1973); Ala. Code 1975, § 13-9-1 (replaced by Ala. Code 1975, § 13A-2-23 ("A person is legally accountable for the behavior of another constituting a criminal offense if, with the intent to promote or assist the commission of the offense [h]e aids or abets such other person in committing the offense.").
Second, Murray has shown no prejudice as a result of the consolidation. "On appeal, the defendant has the burden of showing that he was prejudiced by the joinder, and a reversal will ordinarily be forthcoming only if it appears there was a clear abuse of discretion by the trial judge." W. LaFave and J. Israel, Criminal Procedure § 173 at 379 (1984). "For this court to rule that a trial judge abused his discretion in this matter, an appellant has a heavy burden of establishing that he was unable to obtain a fair trial without a severance and that he suffered compelling prejudice which the trial court could not prevent." Cowart v. State, 488 So.2d 497 (Ala.Cr.App. 1985). Murray's argument that he was prejudiced by the consolidation because his co-defendant testified at trial while he elected not to take the stand was rejected by this court inWhite v. State, 479 So.2d 1368, 1373 (Ala.Cr.App. 1985). He has neither asserted nor demonstrated any other injury due to the consolidation.
Finally, the trial court's order granting consolidation was entered on October 23, 1985, and trial commenced seven days later on October 30, 1985. The consolidation order was not untimely. Rule 15.4 (b), A.R.Crim.P.Temp.
 III
At trial the attorney for Murray's co-defendant requested that the jury be sequestered. Murray claims that the court's denial of the request was error even though he did not join in the request *Page 895 
at trial. Although we question whether Murray has preserved this issue for review, see generally Thomas v. State, 215 Ala. 497,111 So. 212 (1927); C. Gamble, McElroy's Alabama Evidence
§ 426.01 (14) (3d ed. 1977), the court's ruling was not error. Section 12-16-9 (d), Code of Alabama 1975, as amended 1982, provides, in pertinent part:
 "In the prosecution of any noncapital felony the trial court in its discretion may permit the jury trying the case to separate during the pendency of the trial, provided that the court may at any time on its own initiative or on motion of any party, require that the jury be sequestered under the charge of a proper officer when they leave the jury box or the court may allow them to separate."
There is no presumption that an accused has been prejudiced by allowing the jury to separate. Ala. Code 1975, § 12-16-9 (a) (amended 1982); Trahan v. State, 450 So.2d 1102, 1106
(Ala.Cr.App. 1984). Instead, there is a rebuttable presumption that the accused has not been prejudiced by the separation of the jury. Ala. Code 1975, § 12-16-9 (a) (amended 1982); Fike v.State, 447 So.2d 850, 858-859 (Ala.Cr.App. 1983). In denying the motion for sequestration, the trial court observed, "I will allow it to be a continuing motion subject to any event that arises." The court carefully instructed the jury not to discuss the case before they began their deliberation and no incidents regarding improper jury influence were brought to the court's attention. What we said in Fike v. State, 447 So.2d at 859, applies here:
 "The trial judge believed there was no reason to sequester the jury during the trial and the appellant has not shown that he was prejudiced in any way by any such separation.
 "Therefore, we find no abuse of discretion in the trial judge's decision to allow the jury to separate during this appellant's trial. No injury has been shown."
 IV
Murray claims that the State failed to prove he had been convicted of three prior felonies. The evidence introduced at the sentencing hearing was a minute entry reciting that defendant had been previously convicted of "Attempted Assault; Theft; Criminal Mischief." Defendant contends that because neither the indictments nor the statutes under which he was prosecuted were proved, it is impossible to tell from the minute entry whether the conduct forming the basis of his convictions constituted felonies or misdemeanors.
Because the defendant did not object to the admission of the minute entry or point out the alleged defect to the trial court, he has not preserved the issue for review. Campbell v.State, 444 So.2d 913, 915 (Ala.Cr.App. 1984). Furthermore, for each of the three prior convictions, defendant was sentenced to two years' imprisonment in the State penitentiary. Lidge v.State, 419 So.2d 610, 614 (Ala.Cr.App.), cert. denied,419 So.2d 616 (Ala. 1982). "[T]he fact that a defendant was convicted in Alabama and received a sentence of more than one year would necessarily mean that the prior conviction is a `prior felony.'" Thompson v. State, [Ms. 84-304, September 27, 1985] (Ala. 1985). The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.