This is a companion case to Gilbert v. State, 6 Div. 549, which was affirmed without opinion by this court on November 24, 1981. The appellant and two companions burglarized three adjoining establishments (a dentist's office, an animal clinic, and the Rocky Ridge Pharmacy, located in a small shopping center) and were caught in the act by local authorities and arrested at the scene. The conviction which was previously affirmed was for the burglary of the dentist's office. The case presented by this appeal is for the burglary of the Rocky Ridge Pharmacy. The facts are essentially the same as presented in the previous appeal and the sufficiency of the evidence is not
challenged on this appeal. The state presented a prima facie case and the jury found the appellant guilty of second degree burglary. Pursuant to the Habitual Felony Offender Act, the trial court sentenced the appellant to life imprisonment.
 I
Appellant alleges a material variance between the indictment and the state's proof in that one of the appellant's companions listed in the indictment as Everett E. Barkley was referred to at trial as Edward Barkley (R. 94) by Sergeant Charles Moore, one of the arresting officers. This issue was not raised in the trial court and is, therefore, not preserved for our review.
Moreover, for aught that appears in the record, Sergeant Moore's reference to an Edward Barkley could have been a mere "slip of the tongue." It was never established at trial that the companion's first name was indeed, Edward. In any event, it does not appear that, if such was a defect in the indictment, it was material as to this appellant. *Page 474 
 II
Appellant further challenges his life sentence through the Habitual Felony Offender Act.
He argues that the three prior convictions upon which his enhanced punishment is based are not prior "felonies" under §13A-5-9, Code of Alabama 1975, because they occurred prior to January 1, 1980. He also asserts that one of the prior convictions was not properly proved because the proof thereof was a "trial docket sheet." Both of these issues have been decided previously by this court against this appellant inGilbert v. State, 6 Div. 549, November 24, 1981, affirmed without opinion. See Act number 1037, General Acts of Alabama 1971 and Watson v. State, 392 So.2d 1274, cert. denied,392 So.2d 1280 (1980).
Moreover, appellant failed to properly preserve these issues for our review. His general objections to the admissibility of this evidence were for "lack of a predicate" and for "lack of authentication." (R. 189).
Furthermore, the appellant conceded in a pre-trial discussion (R. 4) and at the beginning of the sentencing hearing that appellant had at least three prior felony offenses. The pre-sentence report (R. 208-215) revealed numerous prior arrests and convictions dating back to 1955.
There is no error shown by the record of the trial. This cause is due to be and is hereby affirmed.
AFFIRMED.
HARRIS, P.J., and DeCARLO and BOWEN, JJ., concur.