Charles E. Snider was indicted for the December 11, 1981, first-degree theft of a bulldozer owned by S.J. Otinger, Jr. The appellant was found "guilty as charged in the indictment" and the trial court sentenced him to 15 years' imprisonment.
S.J. Otinger, Jr., a contractor, reported one of his bulldozers missing on December 11, 1981. An employee of Otinger's stated he last saw the bulldozer at 4:00 p.m. on December 11, 1981. Mrs. Jane Rosson testified that a truck pulling a trailer with a bulldozer on it stopped in front of her house. She called her brother-in-law, Roy Rosson, to come to her house and see what the problem was. When Roy Rosson arrived at Jane Rosson's home, around 6:00 p.m., he saw a man fixing a flat tire on a truck which had a trailer with a bulldozer on it parked in front of Mrs. Rosson's home. He testified that a man was fixing a flat tire, and identified the man working on the flat tire as the appellant, Charles E. Snider.
On the afternoon of December 12, 1981, Officers Bobby Norman and Leslie Cox of the Etowah County Sheriff's Department stopped appellant and a companion, Jackie Dale Tucker, on Highway 77. Appellant was taken to the county courthouse, arrested and advised of his Miranda rights. Officers Norman and Cox questioned appellant around 6:00 p.m. and he denied any knowledge of the missing bulldozer. The appellant was placed in a line-up and Mr. Rosson identified him as the man he saw fixing the flat tire on the truck on the previous day.
On December 15, 1981, appellant was once again questioned by Officer Norman. Appellant was questioned three separate times that day. At 8:30 a.m., appellant was told that Jackie Dale Tucker had made a confession and was shown her statement. Around 10:00 a.m., the appellant confessed that he had taken the bulldozer as part of an insurance scam and agreed with Tucker's statement.
During trial, the State sought to introduce appellant's confession. The judge ordered that the jury be removed from the courtroom while he determined the admissibility of the confession.
At issue was the voluntariness of the confession. Officer Norman testified he read appellant his rights, did not promise him leniency or other inducement in return for a confession or threaten him in such a manner as to force him to make a confession. Based on Norman's testimony, the judge ruled the confession had been voluntarily made by the appellant, and allowed it to be considered by the jury in its determination of the guilt or innocence of Snider.
The defense made a motion to exclude the State's evidence on the grounds that if a confession had been made it was involuntary and illegally induced. The motion was overruled. The court also overruled appellant's motion to set aside the jury's verdict.
 I
Appellant's only contention in this case is whether the question of the voluntariness of a confession is a question of fact to be *Page 809 
determined by the jury or solely by the trial judge.
The prosecution has the burden of showing sufficient proof to the trial judge that it was voluntarily made before the same can be admitted into evidence. Sheppard v. State, 49 Ala. App. 674, 275 So.2d 353 (1973). The issue of voluntariness is a question of law to be resolved by the trial judge in the first instance outside the hearing of the jury. Hurst v. State,356 So.2d 1224 (Ala.Crim.App. 1978); Carter v. State, 53 Ala. App. 43, 297 So.2d 175 (1974); McNair v. State, 50 Ala. App. 465,280 So.2d 171 (1973); Rutland v. State, 31 Ala. App. 43,11 So.2d 768 (1943).
It is not unusual for conflicting testimony to be presented during a voluntariness hearing. When this conflict arises, great weight will be given to the trial court's judgment if he determines the confession to be voluntary. The trial judge's decision will be upheld unless his conclusion is palpably contrary to the great weight of the evidence and manifestly wrong. Morgan v. State, 363 So.2d 1013 (Ala.Crim.App. 1978);Hurst, supra; Carter, supra; McNair, supra. "Even where there is credible testimony to the contrary, if the evidence is fairly capable of supporting the inference that the rules of freedom and voluntariness were observed, the ruling of the trial judge need only be supported by substantial evidence and not to a moral certainty." Morgan, supra; McNair, supra.
This court has held that the question of the admissibility of a confession is for the judge while the credibility and weight to be given a confession is for the jury. Lewis v. State,295 Ala. 350, 329 So.2d 599 (1976); Sheppard, supra; Rutland, supra. Once a confession has been admitted into evidence, the jury may consider the circumstances in which the confession was obtained and the way by which it was elicited in determining the credibility of the evidence and the weight to which it is given in reaching their decision. Lewis, supra.
The trial judge properly followed the correct procedures in determining the voluntariness of appellant's confession and admitting same into evidence. The confession was then properly weighed by the jury in reaching their verdict. Cases herein cited.
There being no error in this record, the cause is affirmed.
Affirmed.
All the Judges concur.