On November 23, 1982, appellant pleaded guilty to theft of property in the first degree and escape in the third degree. He was sentenced to 22 1/2 years' imprisonment for the first offense and 10 years' imprisonment for the second offense with the sentences to run concurrently.
The four issues appellant raises on appeal involve his guilty plea and sentencing.
 I
The first claim appellant makes is that his guilty plea was coerced. He asserts that during the plea bargaining process he was told by the state that if his case went to trial he could receive a sentence of life imprisonment without parole. In fact, the *Page 627 
most severe sentence appellant could have gotten was life imprisonment. However, the appellant concedes in his brief that the instructions given to him at hearing by the court as to the possible punishments he could receive were correct. The plea bargaining process is not on record, and since the description given to him by the court of his possible minimum and maximum sentences is beyond challenge, no issue has been preserved for our review. Lewis v. State, 426 So.2d 932, cert. denied, Exparte Lewis, 426 So.2d 938. We note that if the rule were otherwise, every appellant could overturn his sentence.
 II
Appellant next says he was not afforded reasonable notice that he was to be sentenced under § 13A-5-9, Code of Alabama 1975, the habitual offender statute. Reasonable notice is required by A.R.Crim.P.Temp. 6 (b)(3)(ii). Written notice of intention to proceed under the habitual offender statute is always proper. Hollander v. State, 418 So.2d 970 (Ala.Cr.App. 1982). However, the Alabama Rules of Criminal Procedure do not require a written notice. Hollander, id.
During the hearing at which appellant pleaded guilty and at which he was sentenced, no objection was made regarding the inadequacy of the notice given to proceed under the habitual offender statute. Consequently, the circuit court did not err.Hollander, supra. Thus we find no merit in this issue on appeal. In addition, it seems obvious from a reading of the transcript that a plea bargaining arrangement was reached before the hearing.
 III
The third issue appellant raises challenges the method chosen by the state to prove the prior conviction that was used to enhance his sentence. Since appellant made no objection when the document used to prove his prior conviction was placed into evidence, we find that the issue has not been properly preserved for our review. Smith v. State, 409 So.2d 455
(Ala.Cr.App. 1982); also, Temporary Rules of Criminal Procedure.
 IV
The last issue appellant raises on appeal is whether or not Alabama's habitual offender statute is violative of the constitutional provisions for due process and equal protection. The constitutionality of the recidivist statute has been affirmed by this court on numerous occasions and we do so again now. Watson v. State, 392 So.2d 1274, writ denied, Ex parteWatson, 392 So.2d 1280; Murphy v. State, 399 So.2d 340, cert.denied, Ex parte Murphy, 399 So.2d 347.
Appellant has not challenged his sentence on the grounds that it is violative of the Eighth Amendment, which states that "Excessive bail shall not be required, no excessive fines imposed, nor cruel and unusual punishments inflicted." The recent United States Supreme Court decision of Solem v. Helm, ___ U.S. ___, 103 S.Ct. 3001, 76 L.Ed.2d 637 (1983) includes an in-depth discussion of an 8th amendment challenge to South Dakota's recidivist statute.
In rendering its decision, the court did not strike down the South Dakota statutory scheme. Instead, it specifically held that Helm's sentence was unconstitutional, but in doing so the court said that ". . . a state is justified in punishing a recidivist more severely than it punishes a first offender." It is clear from the Helm opinion, therefore, that sentencing under recidivist statutes was intended to be approached on a case by case, trial and error basis. We find under the facts of this case that appellant's sentence would handily withstand an 8th amendment challenge.
We feel that for the reasons stated above, the judgment of the trial court is due to be affirmed.
AFFIRMED.
All the Judges concur. *Page 628