On February 9, 1983, the Limestone County Grand Jury indicted appellant, Ted Wayne Campbell, on a charge of burglary third degree. At trial, he was found guilty as charged in the indictment, and on April 29, 1983, the trial court adjudged appellant guilty in accordance with the jury verdict. Based upon three previous felony convictions, he was found to be an habitual felony offender and was sentenced to a minimum of fifteen years in the state penitentiary.
Testimony at trial revealed that appellant was arrested by Police Officer Thomas Townsend, of the Athens Police Department, at approximately 10:00 a.m. on October 11, 1982, on a charge of public intoxication. Officer Townsend had been informed that a local shoe store had been burglarized the night before, and that appellant was reported to have been in a pool hall trying to sell a pair of brown boots. Acting on this information, Officer Townsend read appellant's Miranda rights to him immediately after making the arrest.
Appellant was placed in a patrol car, and on the way to the police station, he spontaneously confessed that he had broken into a shoe store the previous night. On reaching the police station he was again given Miranda warnings, and he again confessed to breaking into the shoe store. Two police officers took appellant to a patrol car and he directed them to the store and identified it as the one he had broken into. He then directed the police officers to a spot where some shoes were hidden.
A second interrogation took place some four hours later and appellant again admitted committing the burglary.
There was extensive testimony concerning appellant's physical condition at the time of his arrest and statements. The police officers who arrested and questioned the appellant stated that he was intoxicated at the time and that his speech was somewhat slurred, that he staggered and was unsteady on his feet. They also testified that he recognized two of them and called them by name, that he was able to sit up, cross his legs, was coherent and responsive to questions, and that he never lost consciousness, or requested medical attention of any kind during the arrest or questioning.
Appellant testified that he was a heavy drinker and had been drinking steadily for two weeks prior to his arrest. He disclaimed any memory of his arrest or statements, but did remember hallucinating during an episode of delirium tremens while he was in jail subsequent to the arrest. *Page 915 
The first issue raised on appeal is whether the trial court erred in admitting evidence, in the form of certified copies of minute entries, used to enhance appellant's punishment under the Habitual Felony Offender Statute. Alabama law is clear that such records of conviction and representation by counsel are sufficient proof of prior felonies in an habitual offender context. Gilbert v. State, 410 So.2d 473 (Ala.Cr.App. 1982);Ray v. State, 398 So.2d 774, cert. denied, 398 So.2d 777 (Ala. 1981); Thomas v. State, 395 So.2d 1105 (Ala.Cr.App. 1981). Appellant argues that these documents failed to demonstrate that he waived his constitutional rights under the Fifth Amendment when he made the prior guilty pleas. Appellant himself, however, asserts that when a guilty plea is entered in a state criminal trial that these federal constitutional rights are thereby waived. He cites Malloy v. Hogan, 378 U.S. 1,84 S.Ct. 1489, 12 L.Ed.2d 653 (1964); Duncan v. Louisiana,391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); and Pointer v.Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1964), for this proposition. Boykin v. Alabama, 395 U.S. 238,89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), involved a guilty plea entered by a defendant who was not represented by counsel, and is thus distinguishable from the case before us. Appellant's contention is, therefore, without merit.
The second issue raised by appellant is whether the fifteen-year sentence he received for his conviction of burglary third degree was excessive and constituted cruel and unusual punishment under Solem v. Helm ___ U.S. ___,103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).
In Solem, supra, the defendant was convicted of uttering a worthless check, and, because of prior non-violent felony convictions, was sentenced to life without parole under a state recidivist statute.
In this case, appellant was convicted of third degree burglary and his three prior convictions were two for burglary second degree and one for assault with intent to murder. Appellant was sentenced to the minimum allowable term. Clearly, Alabama's Habitual Felony Offender Statute is constitutional as applied to this appellant. Jackson v. State, 440 So.2d 1181
(Ala.Cr.App. 1983), cert. denied Ala. Supreme Court November 23, 1983.
Furthermore, since there was no objection made to the introduction of the evidence of prior felonies, this issue was not properly preserved for review. Gilbert v. State,410 So.2d 473 (Ala.Cr.App. 1982).
The final issue raised by appellant is whether the evidence at trial demonstrated that he was too intoxicated at the time of his arrest to make a voluntary statement.
The evidence, taken on voir dire testimony, was inconclusive in regard to appellant's level of intoxication. It was uncontested by the witnesses that he was intoxicated to some extent, but they reported that he was coherent, responsive to questions and did not fall over, or down, or lose consciousness. Appellant's testimony was that he did not remember the events. He only remembered hallucinating during an episode of delirium tremens while in jail, there being a bottle of liquor in the room where he was questioned.
In Palmer v. State, 401 So.2d 266, 268 (Ala.Cr.App. 1981), the court held, "[W]here ample evidence, even though conflicting, exists from which the trial judge could conclude that the appellant was not intoxicated to the extent of mania, the admission of a confession for a jury's consideration is not an abuse of discretion." In further regard to contradictory evidence at a voluntariness hearing, the court in Snider v.State, 422 So.2d 807 (Ala.Cr.App. 1982), held that when conflicting evidence is presented great weight will be given to the trial court's determination of the issue. The Snider court also stated that the trial court's decision will be upheld unless "palpably contrary to the great weight of the evidence and manifestly wrong." Snider, at 809.
In order for intoxication to render a confession inadmissible it must amount to a "mania" which impairs the will and mind to *Page 916 
the extent that the person confessing is unconscious of the meaning of his words. A lesser state of intoxication will not render a confession inadmissible. Palmer v. State, supra, Ticev. State, 386 So.2d 1180 (Ala.Cr.App. 1980); Willis v. State,342 So.2d 802 (Ala.Cr.App. 1976).
In this case, although testimony regarding appellant's level of intoxication was inconclusive, there was ample evidence from which the trial judge could conclude that the confession was voluntary. Since the decision of the trial judge was not contrary to the great weight of the evidence it should not be disturbed on appeal.
We have carefully searched the record for errors injuriously affecting the substantial rights of appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.
 *Page 31