TAYLOR, Judge.
Appellant James H. Brooks, Jr. was convicted of the offense of robbery in the second degree in violation of § 13A-8-42, Code of Alabama 1975. The indictment alleges robbery in the first degree: that Brooks committed a theft of currency in the amount of $265 and that in the course of the theft threatened the imminent use of force while armed with a deadly weapon. Appellant entered a plea of guilty to the lesser included offense of robbery, second degree, and was sentenced to life imprisonment, by application of the Habitual Felony Offenders Act. The state offered certified copies of more than three convictions into evidence. They were received into evidence without objection, and the appellant stated that he was aware of the convictions and that he was represented by counsel on the occasion of each.
On appeal, a single contention is presented: That the record does not show that the convictions for prior felonies preceded the commission of the robbery in this case.
An examination of the record in this case indicates the following transpired.
“DEPUTY DISTRICT ATTORNEY HART: Yes, sir, I do. I have them in the federal case that is — I have six prior certified copies of Alabama cases where it shows he had an attorney and I would offer those in cases numbers 8511, 8512, 8513, 8514, 8797, 9183, and 9184.
“THE COURT: All right. We are not considering then any of the other ones other than the numbers you have just given me?
“DEPUTY DISTRICT ATTORNEY HART: Yes, sir. Those are the only ones we have certified copies of.
“THE COURT: They appear to be certified. Is there any objection to offering into evidence in each of these cases these certified copies?
“MR. GILCHRIST: I find no objection to them. Mr. Brooks, they are certified copies of the judgments of conviction in those cases. Let me ask for the record, Mr. Brooks, did you have— The record reflects that you had a lawyer in each one of these cases. Did you have a lawyer?
“THE DEFENDANT: Yes, sir.”
It is clear that no objection was made to the receipt into evidence of the certified copies of the prior felonies at the sentencing hearing. Rule 6, Temporary Rules of Criminal Procedures, relating to “sentence hearing” states in section (b)(3)(iii):
“If at the hearing the defendant disputes any conviction presented by the state, the court may allow the state to present additional evidence of the disputed conviction, either by way of rebuttal or at a future time to be set by the court.”
The appellant did not dispute or raise any question of these copies of convictions being copies of prior convictions. His complaint now seems to be that a witness was not called at his sentence hearing after his guilty plea to testify to the date of the now charged crime. We are restricted, on appeal, to considering matters which were raised in the trial court. As Presiding Judge Bowen stated for a unanimous court in Moore v. State, 415 So.2d 1210, 1217 (Ala.Crim.App.1982):
“Matters not objected to at the trial court level cannot be considered for the first time on appeal. Bridges v. State, 391 So.2d 1086 (Ala.Crim.App.1980)."
The record shows the prior felony convictions occurred in 1973, 1974 and 1975. If this felony had been committed that long *679 ago, then the defense of the statute of limitations could have been raised. The appellant not only failed to preserve this issue for review in the hearing, but also, by not objecting to, but consenting, to the introduction of the “prior” convictions, has specifically waived this ground.
This case is due to be affirmed.
AFFIRMED.
All the Judges concur.