Appellant was convicted of the offense of second degree assault and sentenced to 20 years' imprisonment pursuant to the provisions of the Alabama Habitual Felony Offender Act. From said conviction and sentence, this appeal follows. For the reasons outlined below, the judgment and sentence of the trial court are due to be affirmed.
On May 30, 1982, the appellant was driving an automobile which was involved in a collision with another vehicle. Approximately ten months later, the driver of the other vehicle died of injuries which he sustained in the accident. As a result, the appellant was indicted for murder, as well as vehicular homicide. After a trial by jury, a verdict was returned finding the appellant guilty of assault in the second degree. At a separate sentencing hearing, the appellant was sentenced as a habitual offender to 20 years' imprisonment.
On appeal, the appellant raises the following issues: (1) whether proper proof of appellant's prior convictions for purposes of the Alabama Habitual Felony Offender Act was made by the State; (2) whether the appellant was given adequate notice of the State's intent to proceed under the Alabama Habitual Felony Offender Act; and (3) whether the appellant was denied due process of law when the State did not elect the offense for which it would proceed under the indictment.
 I
The first issue raised by the appellant questions the sufficiency of the State's evidence at the sentencing hearing for purposes of the Alabama Habitual Felony Offender Act. At the sentencing hearing, however, defense counsel did not object to the proof presented by the State other than to note that it was his client's "impression and understanding at the time that he was being sentenced as a youthful offender." Although defense counsel at one point stated that he did not wish to "waive" any rights which he might have, no objection was made at the trial court level. In fact, when the trial court specifically requested that defense counsel "state the objection," counsel merely stated that "any specific objections, I don't think it is necessary for me to make." Now, however, appellant asserts that the State failed to make proper proof of the prior convictions for purposes of the Alabama Habitual Felony Offender Act.
As a general rule, an objection must be made at the trial court level to preserve for appellate review any issue concerning the validity of prior convictions to be used for sentence enhancement purposes. Campbell v. State,444 So.2d 913, 915 (Ala.Cr.App. 1984); Weaver v. State, 437 So.2d 626,627 (Ala.Cr.App. 1983); Gilbert v. State, 410 So.2d 473, 474
(Ala.Cr.App. 1982); *Page 84 Smith v. State, 409 So.2d 455, 459 (Ala.Cr.App. 1981). From a review of the record, it is not apparent that defense counsel "objected" to the proof of the convictions presented by the State at the sentencing hearing. In fact, it would appear that the appellant admitted that he had been previously convicted of the felonies and there was, therefore, no requirement on the part of the State that proper proof of the convictions be made.Crittenden v. State, 414 So.2d 476, 482 (Ala.Cr.App. 1982).
At the sentencing hearing, it is apparent that the appellant did not question the validity of the prior convictions but merely questioned his status as a youthful offender at the time. Those portions of the record which support this position are as follows:
 1. Defense counsel told the trial court that his client's "impression" was that "he was sentenced as a youthful offender in 1976 on these three cases that he was sentenced on that ran concurrently." Counsel then stated: "We have checked the record, and the record indicates otherwise, but that was his impression." Thus, the appellant did not deny the validity of the convictions but merely questioned his status as a youthful offender in connection with these prior convictions.[1]
 2. After discussing (with the appellant) the possibility of a continuance of the sentencing hearing, defense counsel stated: "Neither he nor I see any advantage of asking for a continuance because the record speaks for itself. He misunderstood the way he was sentenced, but the record contrary to what he understood it would still be that way no matter if we get time or don't for sentence." Again, construing this statement as an "objection," it is apparent that the validity of the convictions was not questioned and merely the status at the time was discussed.
 3. When asked to respond to the information contained in the presentence report, defense counsel stated that the appellant was "apparently sentenced as an adult, that it was his impression and understanding at the time that he was being sentenced as a youthful offender. Of course, I would like to point out to the court that both he and I have looked at the record on those three cases, and the records of the sentence are contrary to what he understood."
In the alternative, even if the above referenced portions of the transcript rise to the status of an "objection," it is apparent that the appellant did not carry his burden of proof to support the objections.
At the sentencing hearing, a presentence report was admitted into evidence by the State which shows that the appellant began his extensive criminal record in 1974 and has continued it even after the commission of the present offense. For sentence enhancement purposes, three felony convictions, pursuant to guilty pleas entered in 1976, were offered by the State. As these convictions affirmatively show, the appellant waived his right to youthful offender status in connection with these 1976 offenses. As noted previously, however, the sentencing report also indicates that, in 1975, the appellant requested and received treatment as a youthful offender for offenses which he committed in the year 1975. The record also reveals that the appellant was represented by counsel at the time of the 1976 convictions. Although the appellant now asserts that the State did not "affirmatively show" that he was represented by counsel at the time of the prior convictions, this issue cannot be raised for the first time on appeal. *Page 85 
Even construing the above-referenced portions of the transcript as "an objection," it is apparent that the ground for an objection was not raised at the trial court level. Thus, the "objection," if any, has been waived, since "specific grounds of an objection to evidence waives all other grounds." (Citation omitted.) Crittenden v. State, supra, Gilbert v.State, supra. This court can consider, on appeal, only those issues which were raised at the trial court level. Brooks v.State, 469 So.2d 677, 678 (Ala.Cr.App. 1984); Campbell v.State, supra. For these reasons, this issue is decided adversely to the appellant.
 II
The second issue raised on appeal concerns the "reasonable notice" requirement under the Alabama Habitual Felony Offender Act. Appellant asserts that he was not given proper notice of the State's intent to proceed under the Act. The record, however, reveals that defense counsel waived any notice of the hearing and, in fact, requested that the trial court proceed with the sentencing. The trial court asked defense counsel whether he wished to "raise" the issue of failure to give adequate notice because, as the trial court noted, it would make a "considerable difference" to the appellant if he were treated as a habitual offender. After conferring with his client, defense counsel stated as follows:
 "Your Honor, I have discussed it with my client, the pros and cons concerning whether or not raising the issue of whether or not he had proper notice prior to sentencing on these previous convictions and neither he nor I see any advantage of asking for a continuance because the record speaks for itself. He misunderstood the way he was sentenced, but the record contrary to what he understood it would still be that way no matter if we get time or don't for sentence." (Emphasis added.)
Since there was no objection to the adequacy of the notice given at the trial court level, there is no error for consideration on appeal. Weaver v. State, 437 So.2d 626, 627
(Ala.Cr.App. 1983); Hollander v. State, 418 So.2d 970, 973
(Ala.Cr.App. 1982).
 III
The third issue raised on appeal concerns the State's "failure" to elect under which of the alternative counts it would proceed at trial. Because this issue was not raised at the trial court level, it has not been properly preserved for review by this court.
AFFIRMED.
All the Judges concur.
[1] Any question concerning the appellant's status as a youthful offender cannot be raised on collateral attack. The "proper way" would be by way of "petition for writ of error coram nobis." (Citations omitted.) Jones v. State, 431 So.2d 1367,1372, 1373 (Ala.Cr.App. 1983). As to appellant's possible treatment as a "youthful offender," the presentence report indicates that the appellant was granted status as a youthful offender for certain offenses which he committed in 1975.
However, in 1976, the appellant was denied youthful offender status for the three burglary convictions which were subsequently used, in this case, to enhance punishment.