TAYLOR, Judge.
The appellant, Terry E. McGlon, was convicted of possession of burglar’s tools and sentenced to eighteen years’ imprisonment.
Early on the morning of August 26, 1985, a Dothan couple heard sounds as if someone was trying to force entry into their apartment, and they notified the police. Soon thereafter, an officer arrived. The door to the apartment was open, and a key was in the door. This key had been removed from the occupant’s automobile, which was found to have been ransacked. The occupants did not see the intruder because they had locked themselves in the bedroom. A wallet was taken from inside the apartment.
At approximately the same time, from the same area, the police received a call about a suspicious vehicle, a burgundy-colored Honda Civic. The officers examined the car and noticed a key in the ignition and that the car hood was warm. Nothing else suspicious about the car was noticed. The investigating officers then received a call about the break-in of the apartment. They left their cars blocking the Honda automobile from being moved, and proceeded on foot to the apartment, one block away.
The officers made a quick check of the area of the apartment, and then returned to their cars and moved them one block. Another patrol car officer joined them. As they got out of their cars, they heard a car door slam. Suspecting that someone had returned to the Honda, they went back and saw someone inside.
As one of the officers approached, a man got out and ran around the front of the car. In the light provided by a street light, the officer recognized the man to be Terry E. McGlon, the appellant, whom he knew. The officer called McGlon by name and *746 ordered him to stop, but McGlon rapidly fled.
Returning to the Honda automobile, the officer this time observed a shirt and a yellow handled screwdriver, which had not been there previously. He also found some papers with the appellant’s name on them. In the trunk of the car were found a hammer, a sledgehammer, and a crescent wrench. The police discovered that thirty-three automobiles in this area of town had been burglarized. No latent fingerprints were ever recovered, because rain had intervened.
Appellant McGlon contends that the evidence recited above was insufficient to support his conviction. § 13A-7-8, Code of Alabama (1975), defines the offense as follows:
“(a) A person commits the crime of possession of burglar’s tools if he:
“(1) Possesses any explosive, tool, instrument or other article adapted, designed or commonly used for committing or facilitating the commission of an offense involving forcible entry into premises or theft by a physical taking; and
“(2) Intends to use the thing possessed in the commission of an offense of the nature described in subdivision (a)(1) of this section.
“(b) Possession of burglar’s tools is a Class C felony. (Acts 1977, No. 607, p. 812, § 2615.)”
In fact, almost every adult possesses common hand tools such as a hammer, a screwdriver, pliers, etc., which could facilitate a forcible entry into premises. Of course, a sledgehammer can batter through doors and windows as well as most wall materials. Why, then, are we not all guilty of this offense? It is because we do not intend to use them for those purposes. The intention to use the “explosive, tool, instrument or other article” in the commission of a “forcible entry” or “theft by a physical taking” is the most important element of the offense.
The felonious intent required by the statute can be supported by circumstantial evidence. Burrell v. State, 429 So.2d 636 (Ala.Cr.App.1982). The only evidence in the instant case of a possible felonious intent on the part of appellant was the fact that he got out of his car and ran when the officer confronted him. With regard to the tools, Officer Draughon, of the Dothan Police Department, testified that none of them had been used in the commission of any of the thirty-three automobile burglaries which were committed in the area. Neither was the appellant connected to, or charged with, the commission of any of the burglaries.
Because the tools seized from appellant’s automobile had not been used in any of the burglaries, they do not constitute any evidence of intent. Without additional evidence, the fact that he ran when accosted is insufficient to establish that he had a felonious intent to use the common tools in his vehicle to commit a burglary or theft.
“This court will not disturb a verdict of conviction on the grounds of insufficiency of the evidence, unless, allowing all reasonable presumptions for its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince this court that it was wrong and unjust.” Sales v. State, 435 So.2d 242 (Ala.Cr.App. 1983); Johnson v. State, 378 So.2d 1164 (Ala.Cr.App.1979). Upon application of the above test to the instant case, this court is convinced that the verdict below was not supported by the evidence. We, therefore, find that this case is due to be reversed and a judgment rendered for the defendant.
REVERSED AND JUDGMENT RENDERED.