The appellant, James Rubin Petite, was found guilty of possession of burglars' tools in violation of § 13A-7-8, Codeof Alabama (1975). He was sentenced to 25 years' imprisonment pursuant to the Habitual Felony Offender Act.
Officer George William Stafford, Sr., of the Mobile Police Department, testified that he responded to a call on a burglary in progress. Upon his arrival, he observed two men bent over an air conditioner unit. One of the men ran away, while the second individual, later identified as the appellant, remained by the air conditioner with a tire iron in his hand. Officer Stafford told the appellant to drop the tire iron, but he began to walk toward him, with the tire iron still in his hand. Officer Stafford testified that he told the appellant to drop the tool, and had to tell him four times before he did drop it. Officer Stafford further testified that when the appellant began to walk toward him, he pulled a weapon and pointed it at the appellant. The appellant was thereafter handcuffed and placed under arrest. A screwdriver was found inside the air conditioner unit. Although the trial judge allowed the screwdriver into evidence, he instructed the jury that the indictment charged the appellant only with the possession of the tire tool by.
Officer Stafford testified that the appellant made a spontaneous statement before he had been advised of his constitutional rights. He then read the appellant his rights, in the presence of another officer. The appellant made a statement to the effect that he was attempting to take the air conditioner unit in order to sell it. Officer Stafford testified that approximately a minute later, the appellant claimed that "he wasn't doing anything at all, just sitting there" when he was arrested.
The appellant testified that, on the date in question, he was merely sitting on a guard rail by the property when a man approached him and asked if he owned a truck. The appellant said the man informed him that he worked for a man named "Shorty" and that they were to tear down the building. He said the man then told him that he wanted to get the radiator out of the air conditioner to sell it at a junk yard. He testified that the man then walked away and, when the appellant attempted to leave, Officer Stafford drove up and shouted, " 'Hold it.' " The appellant testified that he kept walking until he understood that Officer Stafford was talking to him. *Page 209 
 I
The appellant argues that the prosecutor failed to comply with the discovery order, specifically that he was not shown his own statements until the day of the trial. The defense counsel complains that he was placed at a disadvantage in his defense because of the prosecutor's actions. However, the defense counsel fails to show any specific disadvantage he suffered. Furthermore, the defense counsel states that the trial court had the discretion to grant a continuance; however, the record shows that no motion for continuance was ever made. See Alabama Temporary Rules of Criminal Procedure, Rule 18.5. Furthermore, the record indicates that although the defense counsel claimed that he had not been given a copy of the police report containing the appellant's statement, the prosecutor stated that the defense counsel had been given a discovery package containing the substance of the appellant's statement. The defense counsel acknowledged receipt of this package. Thus, the appellant has failed to show that he was prejudiced or denied access to any evidence.
 "In Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the United States Supreme Court held, that 'the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.' 373 U.S. at 87, 83 S.Ct. at 1196-97, 10 L.Ed.2d at 218. ' "A fair analysis of the holding in Brady indicates that implicit in the requirement of materiality is a concern that the suppressed evidence might have affected the outcome of the trial." United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 2398, 49 L.Ed.2d 342
(1976).' Parker v. State, 482 So.2d 1336 at 1340 (Ala.Cr.App. 1985). Thus, where the prosecutor fails to disclose evidence, regardless of its admissibility or its trustworthiness, the crucial question is whether the non-disclosure might have affected the outcome of the trial. State v. Kimberly, 463 So.2d 1106, 1108 (Ala.Cr.App. 1984), rev'd, Ex parte Kimberly, 463 So.2d 1109 (Ala. 1984)."
Robinson v. State, [Ms. 1 Div. 53, October 14, 1986] (Ala.Cr.App. 1986).
Because the defense counsel was provided with a copy of the police record just prior to trial, the appellant's claim concerns the timeliness of the discovery. However, the appellant has not proved that it would have raised a reasonable doubt concerning his guilt, nor has he proven that the State suppressed the evidence. Id. See also Clemons v. State,491 So.2d 1060 (Ala.Cr.App. 1986): Hurst v. State, 469 So.2d 720
(Ala.Cr.App. 1985).
 II
The appellant argues that there was improper conduct by the prosecutor during his closing argument and that that conduct constituted reversible error. The record indicates that during the prosecutor's closing argument the following transpired:
 "[PROSECUTOR]: He [the police officer] asked him [the appellant] to stop three times when he was coming toward him, and [the appellant] pulled out his revolver. I think I would have done the same thing under the same set of circumstances if someone were advancing toward you with a tire iron, especially if you had a belief and an understanding that there was a burglary in progress. Finally, or as a side note, Officer Stafford —
 [DEFENSE COUNSEL]: Judge, I'm gonna object and move to strike his last comment that there was a burglary in progress. There's been no testimony whatsoever that there's been a burglary out there at all. And he's constantly referring to that and there's no evidence of any burglary.
 "THE COURT: Well you must base your verdict, Ladies and Gentlemen, upon the evidence and the just and the reasonable inferences from the evidence. And the statements made by attorneys in the case are not evidence. So if your recollection of the evidence differs with that in a statement made by an attorney, you would disregard the attorney's statement *Page 210 
and accept and be guided by your collective recollection of the evidence."
This court has previously written:
 "When improper arguments are made to the jury, they will be considered eradicated by the trial judge if he sustains objections thereto and gives appropriate instructions to the jury. When prejudicial remarks have been made, the action of the trial court in regard to the arguments is reviewed with all presumptions in favor of such actions. There is a prima facie presumption against error where the trial court immediately charges the jury to disregard the prosecutor's improper remarks. Chambers v. State, 382 So.2d 632
(Ala.Cr.App. 1980)."
Hammins v. State, 439 So.2d 809, 811 (Ala.Cr.App. 1983). See also Burton v. State, 487 So.2d 951, 960 (Ala.Cr.App. 1984);Doyle v. State, 487 So.2d 996, 998 (Ala.Cr.App. 1986).
A trial judge is in the best position to determine whether the prejudicial effects of an improper comment can be eradicated by instructions to the jury. His determination should be accorded great deference. Wysinger v. State,448 So.2d 435 (Ala.Cr.App. 1983). "There is a prima facie presumption against error when a trial judge immediately instructs the jury to disregard an improper question or remark.Mallory v. State, 437 So.2d 595 (Ala.Crim.App. 1983), cert.denied, 464 U.S. 1047, 104 S.Ct. 722, 79 L.Ed.2d 184 (1984);Kelley v. State, 405 So.2d 728 (Ala.Crim.App.), writ denied,405 So.2d 731 (Ala. 1981)." Ringer v. State, 489 So.2d 646, 650
(Ala.Cr.App. 1986). The trial judge gave prompt curative instructions regarding the district attorney's remark and thereby cured any prejudice.
 III
The appellant argues that the trial court erred to reversal by denying his pretrial motion to suppress certain inculpatory statements made by him prior to being informed of hisMiranda rights. The record indicates that upon being approached by Officer Stafford, the appellant spontaneously stated that he was taking the radiator from the air conditioner to sell it. The appellant gave another statement, after he had been advised of his rights, again stating that he was attempting to take the radiator to sell it. During the examination of Officer Stafford, the trial court sustained the defense counsel's objection to the admission into evidence of the appellant's statement made before he had been read his Miranda rights. The statement made after the appellant was informed of his rights was allowed into evidence.
The United States Supreme Court in Oregon v. Elstad,470 U.S. 298, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985), held that a confession made after proper Miranda warnings need not be suppressed solely because the police had previously obtained an unwarned admission. The Court stated:
 "We must conclude that, absent deliberately coercive or improper tactics in obtaining the initial statement, the mere fact that a suspect has made an unwarned admission does not warrant a presumption of compulsion. A subsequent administration of Miranda warnings to a suspect who has given a voluntary but unwarned statement ordinarily should suffice to remove the conditions that precluded admission of the earlier statement. In such circumstances, the finder of fact may reasonably conclude that the suspect made a rational and intelligent choice whether to waive or invoke his rights."
Id., at 314, 105 S.Ct. at 1296.
 "[T]here is no warrant for presuming coercive effect where the suspect's initial inculpatory statement, though technically in violation of Miranda, was voluntary. The relevant inquiry is whether, in fact, the second statement was also voluntarily made. As in any such inquiry, the finder of fact must examine the surrounding circumstances in the entire course of police conduct with respect to the suspect in evaluating the voluntariness of his statements. The fact that a suspect chooses to speak after being informed of his rights is, of course, highly probative. We find that the dictates of *Page 211 Miranda and the goals of the Fifth Amendment prescription against use of compelled testimony are fully satisfied in the circumstances of this case by barring use of the unwarned statement in the case in chief. No further purpose is served by imputing 'taint' to subsequent statements obtained pursuant to a voluntary and knowing waiver. We hold today that a suspect who has once responded to unwarned yet uncoercive questioning is not thereby disabled from waiving his rights and confessing after he has been given the requisite Miranda
warnings."
Id., at 318, 105 S.Ct. at 1298.
In the case sub judice, Officer Stafford testified that, before the appellant made the second statement, he had been read his Miranda rights; that he was neither threatened nor made any promise in return for making his statement; that he did not appear to be under the influence of any drugs or intoxicants; and that he indicated that he understood his rights. The trial court did not err in failing to suppress the appellant's second statement.
 IV
The appellant argues that the trial court erred in denying his motion in limine concerning statements made over the police radio and the admission into evidence of the tire iron and the screwdriver. The record indicates that the trial court refused to allow into evidence specific information and details broadcast on the police radio, including the fact that the broadcast indicated that two black males were involved. The trial court allowed into evidence the statement broadcast that a burglary was in progress. The defense counsel objected to any evidence concerning the radio broadcast, on the grounds of hearsay.
 " 'In criminal cases, the arresting or investigating officer will often explain his going to the scene of the crime or his interview with the defendant, or a search or seizure, by stating that he did so upon information received and this of course will not be objectionable as hearsay, but if he becomes more specific by repeating definite complaints of a particular crime by the accused, this is so likely to be misused by the jury as evidence of the fact asserted that it should be excluded as hearsay.' See Small [v. State, 348 So.2d 504, 507 (Ala.Cr.App.), affirmed, 348 So.2d 507 (Ala. 1977)]."
Tierce v. State, 396 So.2d 1090, 1093 (Ala.Cr.App. 1981). The fact that the radio broadcast stated that a burglary was in progress was not introduced to prove the truth of the matter asserted, Tillis v. State, 469 So.2d 1367 (Ala.Cr.App. 1985), cert. denied, 469 So.2d 1367 (Ala. 1985), but rather for the purpose of explaining why Officer Stafford went to the property. See Mathis v. State, 501 So.2d 509, 514 (Ala.Cr.App. 1986). "[O]fficers are entitled to rely on police radio broadcasts," and such broadcasts are a factor to be considered by the court in determining probable cause. Hancock v. State,368 So.2d 581, 586 (Ala.Cr.App.), writ denied, Ex parteHancock, 368 So.2d 587 (Ala. 1979).
Although the appellant contends that the trial court erred in admitting the tire iron that he was found carrying and the screwdriver that was found in the air conditioner, this evidence was relevant and had probative value.
 "It should be noted initially that a determination of admissibility of evidence rests within the sound discretion of the trial court and will not be disturbed on appeal absent a clear showing of an abuse of discretion. United States v. Dothard, 666 F.2d 498 (11th Cir. 1982); United States v. Penn, 721 F.2d 762 (11th Cir. 1983); Ward v, State, 440 So.2d 1227 (Ala.Crim.App. 1983). 'To be admissible, the proffered evidence must tend to prove or disprove the main inquiry of the case.' Hill v. State, 366 So.2d 296 (Ala.Crim.App. 1978), affirmed, 366 So.2d 318 (Ala. 1979); McLeod v. State, 383 So.2d 207 (Ala.Crim.App. 1980). This court has further held that the determination of relevancy of evidence is left to the sound discretion of the trial judge and this court will not reverse unless discretion has been grossly abused." *Page 212 
Ballard v. State, 461 So.2d 899, 906 (Ala.Cr.App. 1984).
 V
The appellant argues that the trial court erred in denying his motion for directed verdict. According to § 13A-7-8, Codeof Alabama (1975),
 "(a) A person commits the crime of possession of burglar's tools if he:
 "(1) Possesses any explosive, tool, instrument or other article adapted, designed or commonly used for committing or facilitating the commission of an offense involving forcible entry into premises or theft by a physical taking; and
 "(2) Intends to use the thing possessed in the commission of an offense of the nature described in subdivision (a)(1) of this section."
"The intention to use the 'explosive, tool, instrument or other article' in the commission of a 'forcible entry' or 'theft by a physical taking' is the most important element of the offense." McGlon v. State, 504 So.2d 745 (Ala.Cr.App. 1987). "A felonious intent may be shown by circumstantial evidence." Burrell v. State, 429 So.2d 636, 639 (Ala.Cr.App. 1982). In the case sub judice, when Officer Stafford drove up to the property, he observed two men bent over an air conditioner. One ran away and the other, the appellant, remained standing, with a tire iron in his hand. Officer Stafford testified that the top section of the air conditioner had been pried off and that the back left side had been pried off and pulled down. The radiator appeared to have been pried upward, he said, "with a crowbar or a round instrument." Clearly the State presented sufficient evidence to prove a prima facie case of possession of burglar's tools.
 VI
The appellant alleges that the trial court erred in refusing to give five of his requested jury instructions. The record indicates that, following the trial court's oral charge to the jury, the following transpired:
"[TRIAL COURT]: . . . Does anyone have a question?
(No response)
"Have I overlooked anything, prosecutor?
"[PROSECUTOR]: No, sir, Your Honor.
"THE COURT: [Defense counsel];
 "[DEFENSE COUNSEL]: Judge, I have some things I'd like to take up with Your Honor in a minute.
 "THE COURT: Well, I mean, anything you want me to charge the jury on that I have not?
 "[DEFENSE COUNSEL]: Judge, I submitted some other charges to you.
 "THE COURT: Well, anything I haven't covered in my oral charge? If there is, I can tell them now rather than send them back and bring them back out.
 "[DEFENSE COUNSEL]: Well, Judge, it's my position that the other charges that I —
 "THE COURT: Well, I think they're fairly well covered in the oral charge unless there's something else you particularly want me to give.
 "[DEFENSE COUNSEL]: I don't have anything particular, but I don't necessarily agree with Your Honor.
 "THE COURT: I'll let you state any exceptions after the jury has retired."
Thereafter, the defense counsel objected to the trial court's definition of "reasonable doubt" as "a reasonably substantial doubt." He further objected to the trial court's refusal to give certain requested charges, arguing that they were correct statements of the law and were not adequately covered by the trial court's oral charge. The State argues that such is not sufficient to preserve this issue for our review.
Rule 14, Alabama Temporary Rules of Criminal Procedure
states, in pertinent part:
 "The refusal of a requested written instruction, although a correct statement of law, shall not be cause for reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's oral charge or in *Page 213 
other charges given at the request of the parties. No party may assign as error the court's giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection."
In order to preserve alleged error in the trial court's oral instructions to the jury, the objection must be made prior to the jury's retirement for deliberation, Johnson v. State,421 So.2d 1306 (Ala.Cr.App. 1982), but it need not be made in their presence. A.R.Crim.P., Temp. Rule 14. The objection must be specific enough to point out the alleged error so as to allow the judge to correct the error. Crumpton v. State,402 So.2d 1081 (Ala.Cr.App. 1981).
In the case sub judice, the defense counsel failed to specifically and timely object to the trial court's oral charge. The defense counsel's objection prior to the jury's retirement for deliberation was: "I don't have anything particular, but I don't necessarily agree with Your Honor." Such an objection will not sufficiently preserve this matter for our review.
 VII
The appellant argues that the trial court improperly proceeded under the Habitual Felony Offender Act in sentencing the appellant, because, he alleges, he was given insufficient notice. Specifically, he contends that the defense counsel was not apprised of his prior convictions until he appeared before the court for sentencing. However, before trial and during the hearing on the appellant's motion in limine, the prosecutor stated:
 "There is nothing that I'm aware of, [defense counsel], that I haven't given you except the three certified copies of the Defendant's three prior convictions that I told you about earlier."
Furthermore, during the testimony at trial, the appellant admitted to his three prior convictions.
 "The notice required by Rule 6(b)(3)(ii) of the Alabama Rules of Criminal Procedure, Temporary Rules, is for the purpose of alerting the accused as to the prior convictions upon which the prosecution will rely to enhance the punishment. Where the accused admits the prior felony conviction in his testimony, as is the case here, the necessity for notice is obviated."
Wilson v. State, 428 So.2d 197, 201 (Ala.Cr.App. 1983).
Moreover, the record reveals that the defense counsel failed to object to any failure of notice and, thus, precluded consideration of this question on appeal. See Murray v. State,494 So.2d 891 (Ala.Cr.App. 1986); Nichols v. State,480 So.2d 82 (Ala.Cr.App. 1985); Brooks v. State, 469 So.2d 677
(Ala.Cr.App. 1984); Campbell v. State, 444 So.2d 913
(Ala.Cr.App. 1984).
AFFIRMED.
All the Judges concur.